**Angela Morris Amado ROCHA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 6505.

United States Court of Appeals, First Circuit.

Nov. 15, 1971.

In fact, it does not disagree with the conclusion that the Supreme Court would now hold the 1907 statute unconstitutional. Its position is that the procedures for restoring citizenship provided for by the 1940 Nationality Act were not followed. These procedures, however, were predicated on the assumption that the parent has been "expatriated." Since the 1907 statute was, it now appears, unconstitutional, there has been no expatriation. Petitioner must, accordingly, be declared a citizen of this country. Our opinion in 351 F.2d 523 is withdrawn.

Before ALDRICH, Chief Judge, Mc-ENTEE and COFFIN, Circuit Judges.

## MEMORANDUM AND ORDER

### PER CURIAM.

The Supreme Court now having decided a case, Afroyim v. Rusk, 1967, 387 U.S. 253, 87 S.Ct. 1660, 18 L.Ed.2d 757, which clearly refutes the rationale of MacKenzie v. Hare, 1915, 239 U.S. 299, 36 S.Ct. 106, 60 L.Ed. 297, we are asked to reconsider our decision in Rocha v. I. N. S. 1965, 351 F.2d 523, cert. denied 383 U.S. 927, 86 S.Ct. 930, 15 L.Ed.2d 847. The government concedes that we not only have the power to do this, but the obligation, because a question of the constitutionality of a statute is involved.